*United States v. Alford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                      20-200

CHRISTOPHER ALFORD,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Defendant-Appellant: | Edward S. Zas, Federal Defenders of New York, Inc., New York, NY. |
| For Appellee: | Amy Busa, Philip N. Pilmar, Assistant United States Attorneys, *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case is **REMANDED** for further proceedings consistent with this order.

Defendant Christopher Alford ("Alford") appeals from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*) sentencing him for two counts for being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1) and further imposing conditions of supervised release.

On appeal, Alford challenges two aspects of the district court's judgment. First, he challenges the district court's decision to convict him for two separate violations of § 922(g) rather than a single violation. He argues that this Court has held that a defendant like Alford who simultaneously possesses firearms and ammunition is generally guilty of only one violation of the statute, not two, and that none of the exceptions to this general rule apply to his case. Second, he challenges Standard Condition 12 of the conditions of supervised release, which allows a probation officer to order the defendant to notify third persons of risks he may pose to them. He argues that our decision in *United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019), makes such a condition invalid for being too vague and affording too much discretion to the probation officer.

On the facts of this case, the government agrees with Alford that remand is warranted on both points. In particular, the government agrees that we should remand so that the district court may vacate one of the counts of conviction and the challenged condition of release. After reviewing the record, we concur.

On remand, the district court should vacate one of the counts of conviction as well as the challenged condition of release. With respect to the challenged condition, the government notes

2

that the district court may decide to impose a similar condition that complies with our decision in *Boles*. We take no position on what the proper scope of such a condition might be, nor on the appropriateness of such a condition in this case.

Accordingly, we **REMAND** this case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk